JAMIR DAVIS, Esq. SBN 98041
**J. DAVIS LAW FIRM, PLLC**
106 Winging Way, Unit c
Covington, KY 41011
Tele: (859) 750-5033
jdavis@jdaviscounsel.com

Attorney for plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| **JANE DOE by and through C.B.** | Case No. |
| Plaintiffs, | **Complaint** |
| **v.** | 1. **Race Discrimination, Title VI;** |
| | 2. **Race Discrimination, §1981 and §1983;** |
| **DIOCESE OF COVINGTON;** | 3. **Disability Discrimination, Harassment, 9 U.S.C. §701 et seq.;** |
| **ST. JOSEPH CATHOLIC CHURCH;** | 4. **Disability Discrimination, Failure to Prevent in Violation of 29 U.S.C. §701 et seq.;** |
| **HEHMAN; REINERSMAN;** | 5. **False Imprisonment;** |
| **and DOES 1-20 in their** | 6. **Negligence;** |
| **individual and official capacities.** | 7. **Intentional Infliction of Emotional Distress;** |
| Defendants. | 8. **Retaliation §1983; and** |
| | 9. **Negligent Hire, Retention and Supervision.** |

JURY TRIAL DEMANDED

**<u>INTRODUCTION</u>**

1. This is the story of a brave black girl standing her ground against the biggest bully at her school, her teacher.

2. JANE DOE is a smart, kind, and happy teenager.

1

3.  JANE DOE is African American.

4.  JANE DOE enjoys school and loves to learn but has been diagnosed with a learning disability which limits her ability to communicate.

5.  At all relevant times JANE DOE was an eighth grader at St. Joseph's Middle School in Cold Springs Kentucky.

6.  During her time at St. Joseph's Middle school JANE DOE was subjected to harassment and discrimination.

7.  Teachers would single her out based on her race and one teacher would openly use the word "Nigger" in class without consequence.

8.  Her school also failed to properly investigate or discipline other students that called her a "Nigger."

9.  JANE DOE would make complaints about the unwarranted behavior, but her complaints would go unaddressed.

10. JANE DOE would ultimately be retaliated against because of her multiple complaints and ultimately denied the right to the same education as white students, in violation of her constitutional rights.

11. JANE DOE is filing this Complaint seeking justice and accountability and prays that this Court grant her relief.

## JURISDICTION

12. This action arises under 29 U.S.C. §701, et seq. Title 28 of the United States Code Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Cold Springs, Kenton County Kentucky which is within this judicial district. The Court has supplemental jurisdiction of Plaintiff's state-

*JANE DOE v. DIOCESE OF COVINGTON, et al. –Complaint*

based claims pursuant to 28 U.S.C. §1367. Title 28 of the United States Code Section 1391 confers venue upon this Court.

## PARTIES

13. JANE DOE (hereinafter referred to as "JANE" individually or "PLAINTIFFS" collectively) is an African American female and all times herein mentioned is a citizen of the United States of America and a resident of Kentucky. JANE is a minor, and the generic name is being used to protect and conceal her identity.  At all relevant times, JANE was a student at St. Joseph's Middle School a school operated by ST. JOSPHES CATHOLIC CHRUCH and owned by the DIOCESE OF COVINGTON. JANE was in the 8th grade and receiving accommodations for her learning disability at all relevant times.

14. C.B. (hereinafter "CB" individually or "PLAINTIFFS" collectively) is a female and at all times herein mentioned is a citizen of the United States of America and a resident of Kentucky. CB is using her initials in this pleading to protect the confidential identity of her minor daughter, who is referred to as JANE. CB is the biological mother of JANE and has legal custody. At all relevant times CB was in a contractual relationship, which required the DIOCESE, and SJCC to provide educational instruction to JANE.

15. DIOCESE OF COVINGTON hereinafter referred to as "DIOCESE" individually or "DEFENDANTS" collectively) is a private not for profit formed under the laws of Kentucky and is a recipient of Federal Funding. DIOCESE is located at 1125 Madison Ave. Covington, Kentucky 41011.  DIOCESE was the entity responsible for oversight of JANE at all times when and where the allegations in this Complaint arose. PLAINTIFFS allege that DIOCESE is legally responsible and liable for the incident giving rise to this Complaint and injuries and damages herein set forth. DIOCESE is liable for its conduct,

vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. DIOCESE is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *Respondent Superior.*

16. ST. JOSEPH CATHOLIC CHRUCH hereinafter referred to as "SJCC" individually or "DEFENDANTS" collectively) is a private not-for-profit entity that operates St. Joseph's Middle School and is formed under the laws of Kentucky and a recipient of Federal financial assistance. ST. JOSEPH is a private entity located at 4011 Alexandria Pike Cold Springs, Kentucky 41076. SJCC was always the school of JANE when and where the allegations in this Complaint arose. PLAINTIFFS allege that SJCC is legally responsible and liable for the incident giving rise to this Complaint and injuries and damages herein set forth. SJCC is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. SJCC is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *Respondent Superior.*

17. HEHMAN (hereinafter referred to as "HEHMAN" individually or "DEFENDANTS" collectively) was an agent of DIOCESE and worked at SJCC as a teacher on SJCC's campus. PLAINTIFF believes that HEHMAN is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. HEHMAN is liable for her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency,

employment, ownership, entrustment, custody, care or control upon any other act or omission.

18. GERALD REINERSMAN (hereinafter referred to as "REINERSMAN" individually or "DEFENDANTS" collectively) was an agent of DIOCESE and worked at SJCC as an administrator on SJCC's campus. PLAINTIFF believes that REINERSMAN is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. REINERSMAN is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

19. PLAINTIFF is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 inclusive, and therefore PLAINTIFF sues those Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their names and capacities when ascertained. PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein.

20. Each Defendant is sued as the agent and/or employer of each other acting in the course and scope of employment or contract with the DIOCESE.

**STATEMENT OF FACTS**

21. JANE is the only student in her eighth-grade class at St. Joseph's Middle School that identifies as African American.

22. JANE has also been diagnosed with a disability which limits her ability to communicate. (EXHIBIT A DIAGNOSIS)

23. On or about March 29, 2023, JANE and her mother CB reported to SJCC administration and REINERSMAN that a student called JANE a "Nigger" after JANE refused to share her answers to an assignment with the student in class.

24. SJCC administration told CB that they would investigate the incident and get back to her with its findings.

25. However, SJCC has failed to discipline the student or contact CB to resolve the situation.

26. As a result of SJCC's failure to act, JANE endured continued bullying, harassment, and intimidation from the student.

27. The very next month, on or about April 17, 2023, JANE was again singled out and harassed because of her race, but this time the perpetrator was HEHMAN, JANE's eighth-grade English teacher.

28. HEHMAN was hired and retained by DIOCESE, SJCC and REINERSMAN although she had a history of unprofessional behavior in the school setting.

29. DIOSES, SJCC, and REINERSMAN were responsible for supervising HEHMAN and oversaw the general curriculum and lesson plans implemented by HEHMAN.

30. On or about April 17, 2023, HEHMAN, knowing JANE was the only ethnic minority child in the class asked everyone in the class to raise their hands if they were black.

31. JANE was shocked by the demand and refused to comply with the teachers request because she felt embarrassed and singled out.

32. The very next day on April 18, 2023, HEHMAN was in class with her eighth-grade English students present and HEHMAN repeatedly used the word "Nigger" during the lesson. (EXHIBIT B AFFIDAVIT)

33. HEHMAN explained to the entire class that when she grew up her parents said the word all the time.

34. HEHMAN then explained to the students that nowadays you need to "be careful who you say Nigger around because you will be ex'ed out of society."

35. JANE was devastated by HEHMAN's comments and was shocked in disbelief that her teacher openly used and promoted the word in class.

36. Other students in the classroom who felt bad for JANE immediately spoke up in JANE's defense and told HEHMAN that she shouldn't have said that in class.

37. Right after the class ended, JANE was shocked and scared by the verbal attack.

38. JANE immediately told another faculty member about the verbal attack and the SJCC's administration was notified.

39. SJCC and REINERSMAN were then contacted later that day by CB.

40. CB met with the SJCC and REINERSMAN to discuss the importance of immediate action to resolve this incident, but the SJCC and REINERSMAN failed to take any action.

41. CB and other parents plead with SJCC and REINERSMAN to remove HEHMAN from SJCC, but they refused. (EXHIBIT C AFFIDAVIT)

42. The DIOCESE, SJCC and REINERSMAN failed to terminate, discipline or even train HEHMAN and allowed her to continue to interact with JANE on campus.

43. As a result, of the DIOCESE, SJCC, and REINERSMAN failure to act HEHMAN was free to act with impunity and would continue her harassment and discrimination against JANE.

44. Following  continued complaints by JANE and CB, HEHMAN retaliated against JANE on multiple occasions.

45. HEHMAN made comments to JANE's classmates saying how JANE looked Hispanic so she should not have been offended by her use of the "N" word.

46. Then HEHMAN forced herself on to an elevator with JANE and gave JANE an intimidating lecture on how JANE was taking her words out of context and that JANE needed to, "drop the whole thing."

47. On multiple occasions HEHMAN purposefully stared at JANE for extended periods of time to intimidate her.

48. However, the worst harassment, and retaliation occurred at a DIOCESE and SJCC sponsored mass ceremony lead by HEHMAN.

49. At the mass ceremony JANE attempted to actively practice her faith by participating in communion with her peers.

50.  JANE was forced into HEHMAN's communion line and then HEHMAN purposefully refused JANE the opportunity to experience communion.

51. HEHMAN specifically targeted and retaliated against JANE in these settings because HEHMAN knew JANE had a communication disability and would have difficulty reporting her actions.

52. JANE has flashbacks of the incidents and has suffered mental anguish, anxiety, depression, shame, fear, and a whole host of other emotions.

53. Furthermore, DIOCESE, SJCC, and REINERSMAN forced JANE to engage with HEHMAN on school grounds against her will.

54. JANE did not ever free feel to leave or escape the interactions with HEHMAN.

55. JANE will be scarred for the rest of her life because of these incidents.

56. Likewise, her CB has experienced outrage, depression, and was afraid to send her daughter back to school.

57. CB has experienced anxiety because of their inability to protect JANE from this malicious abuse by a teacher and a school they trusted.

58. Both JANE and CB are actively receiving counseling to help them cope with these incidents that have ruined their lives.

59. REINERSMAN, SJCC and the DIOCESE have both failed to take any action against any of the individuals involved and never offered any resources to help the family recover from these devastating incidents.

60. REINERSMAN, SJCC, and the DIOCESE have completely failed to act to protect JANE.


**FIRST CAUSE OF ACTION**

**RACE DISCRIMINATION- TITLE VI**

**JANE DOE v. ALL DEFENDANTS**

61. JANE incorporates the paragraphs 21 through 60, as though fully reproduced herein.

62. At all relevant times mentioned herein JANE is a female minor, and a resident of Kentucky, who is African American.

63. DIOCESE and SJCC were recipients of Federal financial assistance.

64. At all times mentioned herein, and HEHMAN was acting within the course and scope of her employment and/or agency with the DIOCESE, SJCC, and REINERSMAN.

65. As such, Defendant's DIOCESE, SJCC, and REINERSMAN are liable in respondeat superior for the injuries caused by the acts and omissions of HEHMAN.

66. JANE DOE had adverse actions taken against her when DIOCESE, SJCC and

REINERSMAN failed to investigate JANE's complaints of racial harassment. DIOCESE, SJCC and REINERSMAN also failed to discipline students and teachers who harassed JANE by directing racial slurs and commentary at JANE.

67. JANE was discriminated against by HEHMAN when JANE was singled out based on her race and forced to endure offensive racial slurs during classroom instruction and was subsequently harassed by HEHMAN.

68. DIOCESE, SJCC, and REINERSMAN were deliberately indifferent to the racial discrimination occurring on its campus and adopted a policy which allowed for intentional racial discrimination to occur on school grounds without recourse.

69. As a result, JANE was treated differently than her white counterparts and was denied equal educational opportunities and benefits.

70. As a result of the DEFENDANTS discrimination in violation of the law, JANE has been denied education opportunities and benefits, thereby entitling her to injunctive and equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of DEFENDANTS' actions, thereby entitling JANE to compensatory damages.

71. In the discriminatory actions as alleged above, DEFEDNATS and DOES 1-20 have acted with malice or reckless indifference to the rights of JANE, thereby entitling JANE to an award of punitive damages against DEFENDANTS and DOES 1-20.

WHEREFORE, JANE prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**RACE DISCRIMINATION- SECTION 1981 and 1983**

**JANE DOE and CB v. DIOCESE, SJCC, and REINERSMAN**

72. JANE incorporates the paragraphs 21 through 60, as though fully reproduced herein. At all relevant times mentioned herein JANE is a female minor, and a resident of Kentucky, who is African American.

73. At all relevant times CB was the parent of JANE and in a contractual relationship which required the DIOCESE and SJCC to provide educational instruction to JANE.

74. DIOCESE and SJCC were private entities that are recipients of Federal financial assistance.

75. At all times mentioned herein, and HEHMAN was acting within the course and scope of her employment and/or agency with the DIOCESE, SJCC, and REINERSMAN.

76. DIOCESE and SJCC discriminated against while in a contractual relationship by failing to investigate JANE's complaints of racial harassment. DIOCESE, SJCC and REINERSMAN also failed to discipline students and teachers who harassed JANE by directing racial slurs and commentary at JANE.

77. JANE was discriminated against by HEHMAN when JANE was singled out based on her race and forced to endure offensive racial slurs during classroom instruction and was subsequently harassed by HEHMAN.

78. As a result, JANE and CB were treated differently than their white counterparts and were denied the right to enjoy the benefits of their contract.

79. As a result of the DEFENDANTS discrimination in violation of the law, JANE has been denied education opportunities and benefits, thereby entitling her to injunctive and

equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of DEFENDANTS' actions, thereby entitling JANE to compensatory damages.

80. In the discriminatory actions as alleged above, DEFEDNATS and DOES 1-20 have acted with malice or reckless indifference to the rights of JANE, thereby entitling JANE to an award of punitive damages and attorney's fees against DEFENDANTS and DOES 1-20.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### DISABILITY DISCRIMINATION- HARASSMENT 29 U.S.C. §701

### JANE DOE v. HEHMAN

81. JANE incorporates the paragraphs 21 through 60, as though fully reproduced herein. At all relevant times mentioned herein JANE is a female minor, and a resident of Kentucky, who has been identified as having a disability.

82. HEHMAN, a teacher assigned to JANE by DIOCESE, SCJJ and REINERSMAN harassed, abused, and retaliated against JANE by using racial slurs, harassing her, intimidating her through verbal and non-verbal aggressions and ultimately retaliating against her for reporting the unwarranted harassment.

83. HEHMAN specifically targeted JANE because they knew that her disability limited her ability to clearly communicate feelings, emotions, and events.

84. The acts by HEHMAN were sever and pervasive because they deprived JANE of access to educational benefits and opportunities at a school that other students without disabilities enjoyed.

85. As a result of HEHMAN's discrimination in violation of Section 504, PLAINTIFF has been denied education opportunities and benefits, thereby entitling her to injunctive and equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of DEFENDANT'S actions, thereby entitling JANE to compensatory damages.

86. In the discriminatory actions as alleged above, DEFEDNAT has acted with malice or reckless indifference to the rights of JANE thereby entitling JANE to an award of punitive damages against DEFENDANT.

WHEREFORE, JANE prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION- FAILURE TO PREVENT**

**JANE DOE v. DIOCESE, SJCC, and REINERSMAN**

87. JANE incorporate paragraphs 21 through 60, as though fully reproduced herein.

88. DIOCESE, SJCC, and REINERSMAN demonstrated a deliberate indifference for the safety of JANE by allowing her to be harassed, and disciplining, supervising, or training HEHMAN.  DIOCESE, SJCC, and REINERSMAN did not monitor HEHMAN's interactions with JANE after she reported harassment and allowed HEHMAN to retaliate against JANE.

89. The acts by DIOCESE, SJCC, and REINERSMAN were sever and pervasive because they deprived JANE of access to educational benefits and opportunities at a school that other students without disabilities enjoyed.

90. DIOCESE, SJCC, and REINERSMAN also exhibited bad faith by failing to properly

*JANE DOE v. DIOCESE OF COVINGTON, et al. –Complaint*

investigate the situation, failing to formally notify parents, and failing to change its policies and procedures to ensure that students were no longer subject to this type of discrimination, retaliation, and harassment.

91. As a result of the DIOCESE, SJCC, and REINERSMAN discrimination in violation of Section 504, PLAINTIFF has been denied education opportunities and benefits, thereby entitling her to injunctive and equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of DEFENDANTS' actions, thereby entitling JANE to compensatory damages.

92. In the discriminatory actions as alleged above, DEFEDNATS and DOES 1-20 have acted with malice or reckless indifference to the rights of JANE, thereby entitling JANE to an award of punitive damages against DEFENDANTS and DOES 1-20.

WHEREFORE, JANE prays for relief as hereinafter set forth.


**FIFTH CAUSE OF ACTION**

**FALSE IMPRISONMENT**

**JANE DOE v. HEHMAN**

**JANE DOE v. DIOCESE, SJCC, and REINERSMAN (RESPONDANT SUPERIOR)**

93. JANE and CB incorporate paragraphs 21 through 60, as though fully reproduced herein. HEHEMAN restrained JANE against her will.

94. JANE was confined and bound to classroom space, and an elevator without any justification.

95. JANE did not consent to the confinement with HEHMAN nor as a minor could JANE consent.

96. JANE was not free to leave the classroom space or elevator because of the physical location of the confinement and authority that HEHMAN held over JANE.

97. At all times mentioned herein, and HEHMAN was acting within the course and scope of her employment and/or agency with the DIOCESE, SJCC, and REINERSMAN.

98. As such, the DIOCESE, SJCC, and REINERSMAN are liable in respondeat superior for the injuries caused by the acts and omissions of HEHMAN pursuant to Kentucky Common Law.

99. As an actual and proximate result of said DEFENDANTS and acts and emotional injuries sustained by PLAINTIFF, PLAINTIFF has sustained pecuniary loss resulting from the loss in an amount to be determined at trial.

WHEREFORE, JANE prays for relief as hereinafter set forth.


**SIXTH CAUSE OF ACTION**

**NEGLIGENCE**

**JANE DOE AND CB v. DIOCESE, SJCC, and REINERSMAN**

100.   JANE and CB incorporate paragraphs 21 through 60, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

101.   DIOCESE, SJCC, and REINERSMAN owed JANE and CB a duty to use reasonable care in the supervision and care of JANE.

102.   DIOCESE, SJCC, and REINERSMAN failed to use reasonable care when educating JANE, when investigating allegations of abuse, and in overseeing staff responsible for

the care of JANE.

103.   DIOCESE, SJCC, and REINERSMAN failed to perform a timely investigation of incidents reported by CB and failed to communicate with CB.

104.   DIOCESE, SJCC, and REINERSMAN did not use care that a reasonably careful educational institution should use under like circumstances.

105.   JANE and CB allege DEFENDANTS negligent actions and/or negligent failure to act within the scope and course of their duties as an educational institution and recipient of Federal funding, as set forth hereinabove, actually, and proximately caused severe injury to PLAINTIFFS.

106.   As an actual and proximate result of **DIOCESE, SJCC, and REINERSMAN** negligence, PLAINTIFFS suffered emotional injuries have sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.


**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**JANE DOE V. HEHMAN**

107.   JANE and CB incorporate paragraphs 21 through 60, as though fully reproduced herein.

The present action is brought pursuant to Common Law of Kentucky.

108.   HEHMAN perpetuated extreme and outrageous conduct against JANE by singling her out based on her race, making derogatory comments about her, and retaliating

against JANE through intimidation and other tactics.

109.    JANE has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by HEHMAN.

110.    JANE suffered extreme emotional and mental damage as a result of the actions and/or inactions of HEHMAN.

111.    HEHMAN's actions were wanton, malicious, and designed to inflict, emotional and mental harm on JANE.

WHEREOFRE, JANE prays for relief as hereinafter set forth.


**EIGHTH CAUSE OF ACTION**

**RETALIATION- 42 USC 1983**

**JANE DOE V. ALL DEFENDANTS**

112.    JANE incorporate paragraphs 21 through 60, as though fully reproduced herein. At all relevant times mentioned herein DIOCESE, and SJCC were recipients of Federal financial assistance.

113.    DIOCESE, SJCC, and REINERSMAN are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, HEHMAN was acting within the course and scope of her employment and/or agency with DIOCESE, SJCC, and REINERSMAN. As such, Defendant's DIOCESE, SJCC, and REINERSMAN are liable in respondeat superior for the injuries caused by the acts and omissions of HEHMAN.

114.    JANE is African American and member of protected.

115.    JANE engaged in a protected activity when she reported the intentional racial slurs

communicated by HEHMAN.

116.    HEHMAN took a significant adverse action against JANE by making public comments against JANE, harassing JANE, and not allowing JANE to participate in school sponsored events.

117.    JANE did not consent to the acts by HEHMAN.

118.    DIOCESE, SJCC, and REINERSMAN failed to discipline, supervise, or train HEHMAN and allowed HEHMAN the opportunity to retaliate against JANE.

119.    HEHMAN's acts were directly related to JANE's report of HEHMAN's racial slurs.

120.    JANE has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by said Defendants.

121.    DEFENDANTS' actions were wanton, malicious, and designed to inflict physical, emotional, and mental harm on JANE.

122.    As a result of the DEFENDANTS discrimination in violation of the law, JANE has been denied education opportunities and benefits, thereby entitling her to injunctive and equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of DEFENDANTS' actions, thereby entitling JANE to compensatory damages.

123.    In the discriminatory actions as alleged above, DEFEDNATS and DOES 1-20 have acted with malice or reckless indifference to the rights of JANE, thereby entitling JANE to an award of punitive damages and attorney's fees against DEFENDANTS and DOES 1-20.

    WHEREFORE, JANE prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION

**NEGLIGENT HIRE, SUPERVISON, AND RETENTION**

**JANE DOE AND CB v. DIOCESE, SJCC, and REINERSMAN**

124.    JANE and CB incorporate paragraphs 21 through 60, as though fully reproduced

herein, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, or oppressive conduct by defendants, and any and all allegations requesting

punitive damages.

125.    DIOCESE, SJCC, and REINERSMAN owed JANE and CB a duty to use reasonable care

in the supervision and care of JANE.

126.    DIOCESE, SJCC, and REINERSMAN failed to use reasonable care when hiring,

retaining, and training HEHMAN because they were aware of her unprofessionalism

and discriminatory comments.

127.    DIOCESE, SJCC, and REINERSMAN did not use care that a reasonably careful school

should use under like circumstances.

128.    JANE and CB allege DEFENDANTS negligent actions and/or negligent failure to act

within the scope and course of their duties as an educational institution and recipient of

Federal funding, as set forth hereinabove, actually, and proximately caused severe

injury to PLAINTIFFS.

129.    As an actual and proximate result of said DIOCESE, SJCC, and REINERSMAN acts and

failure to act PLAINTIFFS sustained injuries and suffered pecuniary loss resulting from

the loss of comfort, society, attention and services, in an amount to be determined at

trial.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## **JURY DEMAND**

PLAINTIFFS HEREBY DEMAND A JURY TRIAL.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray that the Court grant relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present, and/or future wage loss, medical expenses, and other special damages to be determined according to proof;

For punitive and/or exemplary damages against DEFENDANTS in a sum according to proof;

For preliminary and permanent injunctive relief according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794(a);

For all other relief to which the Court deems just and proper.

**Respectfully Submitted,**

**/s/** Jamir Davis

Jamir Davis, Esq.
J. Davis Law Firm, PLLC
106 Winding Way, Unit C
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com
www.jdaviscounsel.com

## Certificate of Service

I, Jamir Davis, am a citizen of the United States. I am over the age of 18 years old and caused the document(s) to be filed electronically via ECF. I did not receive a notification that the electronic transmission was unsuccessful.


Executed on October 30, 2023.


**/s/** Jamir Davis

Jamir Davis, Esq.