IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JANE DOE, by and through C.B. | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:23-cv-00151-DCR |
| | : | |
| v. | : | Judge Danny C. Reeves |
| | : | |
| DIOCESE OF COVINGTON, et al. | : | |
| | : | |
| Defendants. | : | |

### JOINT RULE 26(f) REPORT

Come now Plaintiffs, Jane Doe, by and through C.B., and Defendants, the Diocese of Covington, St. Joseph Catholic Church, Gerald Reinersman, Cly Denna Hehman, and Does 1-20, by and through their respective counsel, and pursuant to the Court's Order for Meeting and Report (Doc. 7 ), hereby submit this Joint Rule 26(f) Report.

### The Parties' Views on Issues Under Rule 26(f)(3)

A. The parties do not believe any changes are needed with regard to the timing, form, or requirement for disclosures under Rule 26(a). Pursuant to the Court's Order for Meeting and Report (Doc. 7), initial disclosures were provided at the time of the parties' Rule 26(f) conference on January 31, 2023.

B. The parties do not believe discovery should be conducted in any particular phases or limited to/focused on any particular issues. The parties anticipate discovery will involve subjects including, but not necessarily limited to, Plaintiffs' allegations about events at St. Joseph Catholic School in March through May of 2023 and Plaintiffs' claimed damages, including emotional distress and potential treatment arising therefrom. The parties' detailed proposed discovery plan is set forth below.

1

C. The parties do not anticipate any particular issues about disclosure, discovery, or preservation of electronically stored information.

D. The parties do not anticipate any particular issues about claims of privilege or attorney work product. The parties anticipate entering into a Stipulated Protective Order to facilitate production of confidential information, which Order will contain a mechanism for addressing inadvertent disclosure of privileged material.

E. The parties do not anticipate a need to change the normal discovery limitations. Nor are the parties requesting other limitations on discovery.

F. In order to facilitate discovery, the parties anticipate entering into a Stipulated Protective Order to facilitate production of confidential information.

## Scheduling Conference

The parties desire a scheduling conference before entry of a Scheduling Order, as the parties agree that more than 12 months may be reasonably necessary to complete discovery and have this case prepared for a jury trial, which the parties reasonably believe may take up to five trial days. However, in a good faith effort to comply with the Court's Order for Meeting and Report (Doc. 7), which directs the parties to contemplate a trial date within 12 months, the parties are submitting the following Proposed Discovery Schedule. In the event the Court declines to hold a scheduling conference, the parties reserve the right to move for extensions of the following deadlines and/or a continuance of the trial date.

## Proposed Discovery Schedule

1. **Trial Date**. Assuming this case will be set for trial within 12 months, the parties propose that a five-day jury trial be set for January 27, 2025, through January 31, 2025.

2. **Amendment of Pleadings.** Assuming a trial date beginning on January 27, 2025, and based upon the parties' reasonable belief as to the time needed to join other parties and to amend pleadings, the parties propose that the deadline for amendment of pleadings be July 31, 2024.

3. **Motions Relative to the Pleadings.** Three motions are currently in the briefing stage: (1) the Motion for Judgment on the Pleadings of Defendant, Cly Denna Hehman (Doc. 8); (2) the Motion for Partial Judgment on the Pleadings of Defendants, Gerald Reinersman and Does 1-12 (Doc. 9); and (3) the Motion for Partial Judgment on the Pleadings of Defendants, the Diocese of Covington and St. Joseph Catholic Church (Doc. 10). Defendants have until February 23, 2024, to file Replies in support of these motions. (Docs. 16, 17, and 18.) These motions will be deemed under submission at that time. (Motions for summary judgment are addressed below.)

4. **Fact Discovery**. Assuming a trial date beginning on January 27, 2025, and based upon the parties' reasonable belief as to the time needed to complete fact discovery (*i.e.*, written discovery and depositions of witnesses who will not be offering expert opinions at trial), the parties propose that the deadline for fact discovery be August 31, 2024.

5. **Expert Disclosures and Expert Discovery**. Assuming a trial date beginning on January 27, 2025, and based upon the parties' reasonable belief as to the time needed to make expert disclosures and complete expert discovery, the parties propose that the deadlines be as follows:

    A. Plaintiffs shall provide Rule 26(a)(2) disclosures and reports, if applicable, by July 28, 2024.

    B. If requested, Plaintiffs shall make their expert(s) available for deposition by August 31, 2024.

      C.      Defendants shall provide Rule 26(a)(2) disclosures and reports, if applicable, by September 29, 2024.

      D.      If requested, Defendants shall make their expert(s) available for deposition by October 31, 2024.

6. **Motions for Summary Judgment.** The parties anticipate the potential filing of Motions for Summary Judgment prior to trial. Assuming a trial date beginning on January 27, 2025, and based upon the parties' reasonable belief as to the time needed to brief these Motions, the parties propose that the deadline for dispositive motions be as follows:

      A.      Motions for summary judgment shall be filed by September 29, 2024.

      B.      Responses in opposition to any motion for summary judgment shall be filed by October 20, 2024.

      C.      Replies in support of any motion for summary judgment shall be filed by November 3, 2024.

### Consent to Magistrate Judge

The parties do not unanimously consent to the jurisdiction of, and entry of judgment by, a United States Magistrate Judge.

Respectfully and jointly submitted,

/s/ Nicholas C. Birkenhauer
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
Michael J. Enzweiler (KBA #96989)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, Kentucky 41011
mguilfoyle@dbllaw.com
nbirkenhauer@dbllaw.com
menzweiler@dbllaw.com
(859) 341-1881 (T)
*Counsel for the Defendants*

/s/ Jamir Davis (per authorization on 2/13/24)
Jamir Davis (KBA #98041)
J. DAVIS LAW FIRM, PLLC
106 Winging Way, Unit C
Covington, KY  41011
jdavis@daviscounsel.com
(859)750-5033 (T)
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system this 13th day of February, 2024.

/s/ Nicholas C. Birkenhauer
Nicholas C. Birkenhauer (KBA #91901)

1339520.3