IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JANE DOE, by and through C.B. | : | Case No. 2:23-cv-00151-DCR-CJS |
| | : | |
| Plaintiffs, | : | District Judge Danny C. Reeves |
| | : | |
| vs. | : | Magistrate Judge Candace J. Smith |
| | : | |
| DIOCESE OF COVINGTON, et al. | : | |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Defendants' request that the Court enter this Order, and the parties' agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

**1.** **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced by a Party or by non-parties in response to subpoenas issued in connection with this matter in the course of discovery in this Action that are designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order.

**2.** **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

**3.** **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or

1

summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material As Confidential.** Any party (a "Designating Party") may designate as confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced by the Designating Party or a nonparty subpoenaed by one of the Parties in discovery in this case if they contain information that the Designating Party asserts in good faith should be protected from disclosure, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. The designation of materials as confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. All such discovery material designated as confidential, and all copies, excerpts, and summaries thereof, shall be referred to herein as "Confidential Information."

5. **Form and Timing of Designation.**

    a. **Documents And Written Materials.** The Designating Party shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The Designating Party shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    b. **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Designating Party shall make an effort to include within the electronic files

themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Designating Party shall include in the name of the electronic file containing Confidential Information the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) of any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

        **c.**    **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 21 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation.

**6.**    **Limitation Of Use.**

        **a.**    **General Protections.** All Confidential Information, including all information derived therefrom, shall be used by the party receiving the Confidential Information (the "Receiving Party") solely for purposes of prosecuting or defending this Action. The Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Designating Party from using or disclosing information it has designated as Confidential Information, and that belongs to the Designating Party, for any purpose

3

that the Designating Party deems appropriate, except that the Designating Party's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

    **b.**  **Persons To Whom Confidential Information May Be Disclosed.**  Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated by counsel or authorized by the Court:

1. counsel of record for the parties, and the other attorneys and the administrative staff of counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. consultants or expert witnesses, both testifying and non-testifying, (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed and executed the acknowledgement and agreement attached hereto as Attachment A;

6. the authors and the original recipients of the documents;

7. any court reporter or videographer reporting a deposition;

8. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties for the litigation of this action;

9. interviewees, potential witnesses, deponents, and any other person, where counsel for a party to this action in good faith determines the individual

  should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel [whether virtually, telephonically or in person], and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, or deponent), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone;

10.  any other person agreed to in writing by the parties;

11.  any mediator who may preside over a voluntary mediation, agreed to by the parties, in connection with the Action.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b)(1), 6(b)(2), 6(b)(3), 6(b)(4), or 6(b)(9) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.  For avoidance of doubt, nothing in this Section 6 shall purport to restrict the disclosure of Confidential Information through submissions to the Court or at trial or a hearing in this action; such disclosure shall be governed by Sections 8 and 14 below.

  **7.**  **Inadvertent Production.**  Inadvertent production of any document or information subject to the attorney-client privilege and/or work-product protection shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of documents or ESI (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information

5

is produced during the course of the Action, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

    a.    the production of Protected Information including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

    b.    the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the Receiving Party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

    c.    if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege or other right not to produce such information that the Receiving Party knows or reasonably should know was inadvertently sent, the Receiving Party shall promptly notify the Designating Party in writing that it has discovered potential Protected Information, identify the potential Protected Information by Bates Number range, and sequester such potential Protected Information until the Designating Party confirms whether it does indeed assert any privilege protecting this information. If the Designating Party asserts that the information is Protected Information (as described in Subparagraph (e) below), the Receiving Party shall, at the Receiving Party's option, return or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within 10 business days of notice from the Designating Party;

    d.    upon the request of the Designating Party, the Receiving Party shall promptly disclose the names of any individuals who have read or have had access to the Protected Information;

    e.    if the Designating Party intends to assert a claim of privilege or other protection over potential Protected Information identified by the Receiving Party, the Designating Party shall, within 10 business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event that any portion of the Protected Information does not contain privileged or protected information, the Designating Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Designating Party believes is subject to a claim of privilege, immunity or other protection; if the Designating Party fails to provide the writing to the Receiving Party within the 10-day period described herein, then the Receiving Party shall be freed of its obligation to sequester the potential Protected Information under Subparagraph (c) above;

  f.  if, during the course of the litigation, a party determines it has produced Protected Information, the Designating Party may notify the Receiving Party of such production in writing. The Designating Party's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Designating Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Designating Party believes is subject to a claim of privilege, immunity or other protection. The Designating Party must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within 10 business days of receiving the written notification, at the option of Receiving Party, return or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

  g.  in the event that a Receiving Party intends to challenge a claim of privilege or other protection made by a Designating Party with respect to any inadvertently produced Protected Information, then the Receiving Party may, in lieu of returning or destroying the Protected Information, sequester the Protected Information, in which case the Receiving Party shall not permit any person or entity, other than outside counsel, to review or access the Protected Information and shall not use the Protected Information for any purpose other than seeking the Court's review of the claim of privilege or other protection Court;

  h.  a Receiving Party's return or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection; and

  i.  nothing contained herein is intended to or shall limit a Designating Party's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party.

**8. Court Submission of Materials Containing Information Designated Confidential.** A party who wishes to file with the Court any document containing Confidential Information shall file the document under seal provisionally. The document shall be unsealed and be made publicly available by the clerk of court unless, within 14 days, a party files a motion to

7

maintain the document under seal. In the event that such a motion is filed within 14 days, the document shall remain provisionally under seal until the motion is ruled upon by the Court.

        9.        **Attorneys Allowed to Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

        10.        **Excluding Others From Access.** Whenever Confidential Information is to be discussed at a deposition, the Designating Party may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

        11.        **No Voluntary Disclosure to Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except as permitted by this Order or as otherwise required by law. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party providing the information shall provide as much advance notice as possible to the Designating Party to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

        12.        **Disputes as to Designations.** Each party has the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. If a party seeks to challenge the confidentiality designation, such party shall comply with the applicable rules, including Local Rule 37.1, governing discovery disputes. Before challenging a confidentiality

designation, the party shall consider whether such a challenge is truly necessary given that, as provided under Sections 8 and 14 of this Protective Order, a Designating Party's confidentiality designation does not prevent a Receiving Party from submitting designated information in court filings or using such information at trial or a hearing in this action. If any party nevertheless challenges the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the Designating Party to show that said document or information should remain protected pursuant to Federal Rule of Civil Procedure 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, it shall: (1) notify the Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security

incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14. **All Trials Open to Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has been designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any Confidential Information, the party intending to present such document or information shall provide advance notice to the Designating Party of at least 5 days, or where not reasonably practicable, as much advance notice as is reasonably practicable under the circumstances, before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

15. **No Waiver of Right to Object.** Except as to an objection on the basis of confidentiality/proprietary information, this Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

16. **No Determination of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

17. **No Admissions.**  Designation by either party of information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any subsequent proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

18. **No Prior Judicial Determination.**  This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party.

20. **Parties May Consent to Disclosure.**  Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues.

**21.     Return of Materials Upon Termination of Litigation.**  Upon the written request and expense of the Designating Party, within 90 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person provided with Confidential Information by a party pursuant to Section 6(b) of this Protective Order shall destroy all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of Confidential Information, except as permitted by this Order. Notwithstanding the foregoing, this Order shall not prevent counsel for any party to the Order from maintaining Confidential Information in its files so long as it does so pursuant to the terms of this Order.  For avoidance of doubt, nothing in this Section 21 purports to impose any obligations on the Court, court personnel, or anyone else who receives access to Confidential Information by virtue of such Confidential Information being filed in a court document or disclosed during a court hearing or trial as contemplated by Sections 8 and 14 of this Protective Order.

**SO ORDERED** this 17th day of October, 2024.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

**AGREED TO:**

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
Michael J. Enzweiler (KBA #96989)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, Kentucky 41011
mguilfoyle@dbllaw.com
nbirkenhauer@dbllaw.com
menzweiler@dbllaw.com
(859) 341-1881 (T)
(859) 788-2011 (F)
*Counsel for Defendants*

/s/ Jamir Davis (per authorization on 10/11/24)
Jamir Davis, Esq.
J. DAVIS LAW FIRM, PLLC
P.O. BOX 122123
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com
*Counsel for Plaintiffs*